

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 13, 1950

Hon. John Dowdy
District Attorney
Athens, Texas

Dear Mr. Dowdy:

Opinion No. V-1131.

Re: Right of a Justice of
the Peace to a fee for
issuing capias pro fine.

Reference is made to your request for an opinion concerning the right of Justices of the Peace to collect a fee of seventy-five cents for the issuance of a capias pro fine over and above the fee provided in Article 1052, Vernon's Code of Criminal Procedure, to be paid to such Justices for criminal actions tried and finally disposed of before them.

The pertinent portion of Article 1052, V.C.C.P., provides:

"Two Dollars and Fifty Cents ($2.50) shall be paid to the Justice of the Peace for each criminal action tried and finally disposed of before him. Provided, however, that in all counties having a population of twenty thousand (20,000) or less the Justice of the Peace shall receive a trial fee of Three Dollars ($3)."

In Attorney General's Opinion 0-4924 (1942), referring to fees payable to Justices of the Peace, it is stated:

". . . the . . . Justice is entitled to be paid by the county the full fee as provided by Article 1052, V.A.C.C.P., for each criminal action tried and finally disposed of by him, . . ."

The following rule is stated in 34 Tex. Jur. 508, Public Officers, Sec. 105:

"Statutes prescribing fees for public officers are strictly construed; and hence a right to fees may not rest in implication."

Hon. John Dowdy, page 2  (V-1131)

Article 1064, V.C.C.P., referred to by you, providing a fee of seventy-five cents for the issuance of a capias by clerks of the district and county courts, makes no mention of such payment to Justices of the Peace and, therefore, no payment can be made thereunder to such officials. In our opinion the doctrine "expressio unius est exclusio alterius" applies in this instance, signifying that the express mention or enumeration of one person, thing, consequence or class is tantamount to an express exclusion of all others. 39 Tex. Jur. 188, 189, Statutes, Sec. 100.

You also refer to Article 918, V.C.C.P., which provides:

"If the defendant be not in custody when judgment is rendered, or if he escapes from custody thereafter, a capias shall issue for his arrest and confinement in jail until he is legally discharged."

No mention is made in this article of the payment of a fee for the issuance of a capias and, therefore, no fee can be paid by virtue thereof.

In view of the foregoing, we agree with you that a Justice of the Peace is not entitled to a fee for the issuance of a capias pro fine. Payment of a fee to such an official in criminal actions is controlled by Article 1052, V.C.C.P.

### SUMMARY

A Justice of the Peace is entitled to the fee provided under Article 1052, V.C.C.P., for criminal cases tried and finally disposed of before him, but is not entitled to an additional fee for each capias pro fine issued by him.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

LT:mw

Yours very truly,

PRICE DANIEL
Attorney General

By Lee Thomas
Lee Thomas
Assistant